UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

RECEIPT # _5 5/42_
AMOUNT $ _/3__
SUMMONS ISSUED _4_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _4-12-04_

| | |
|---|---|
| ASMARA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STARK CARPET CORPORATION, | ) |
| PRESTIGE MILLS, INC. d/b/a | ) |
| CONCEPTS INTERNATIONAL, | ) |
| STEPHEN STARK, and | ) |
| JOHN S. STARK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. _____

**04 - 10729 WGY**

MAGISTRATE JUDGE _Collings_

## COMPLAINT

This is an action for infringement of copyright in seven original carpet designs owned and sold by plaintiff Asmara, Inc. ("Asmara"). Asmara hereby complains of defendants as follows:

### Parties

1.   Asmara is a Massachusetts corporation having its principal place of business at 88 Black Falcon Avenue, Boston, MA 02210. It is engaged in the business of designing, manufacturing, importing and selling fine carpets, many of which embody original and proprietary designs. Asmara is the copyright owner of the works at issue in this action.

2.   Defendant Stark Carpet Corporation ("Stark Carpet") is, according to plaintiff's information and belief, a New York corporation having its principal place of business at 979 Third Avenue, New York, NY 10022. It has over eleven locations

throughout the United States, including 1 Design Center Place, Suite 101, Boston, MA 02210. It is engaged in the business of manufacturing, importing, and/or selling carpets.

3.   Defendant Prestige Mills, Inc. d/b/a Concepts International ("Concepts International") is, according to plaintiff's information and belief, a New York corporation having its principal place of business at 460 Park Avenue, New York, NY 10022. It is engaged in the business of importing and/or manufacturing and selling carpets and floor coverings.

4.   Defendant John S. Stark ("John Stark") is, according to Asmara's information and belief, the chief executive officer and an owner of defendant Stark Carpet, and thus has the power and authority to direct the actions of defendant Stark Carpet and a direct financial interest in the copyright infringement described in this Complaint.  He is, according to Asmara's information and belief, the Chairman of the Board of defendant Concepts International and thus has the power and authority to direct the actions of defendant Concepts International and a direct financial interest in the copyright infringement described in this Complaint.

5.   Defendant Stephen Stark is, according to Asmara's information and belief, the president and an owner of defendant Stark Carpet, and thus has the power and authority to direct the actions of defendant Stark Carpet and a direct financial interest in the copyright infringement described in this Complaint.

## Jurisdiction and Venue

6.   This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

7. This Court has jurisdiction over Stark Carpet because it has a place of business in the Commonwealth of Massachusetts. This court has jurisdiction over the remaining defendants because they routinely sell and ship merchandise into the Commonwealth of Massachusetts and contract to supply goods or services here, and otherwise routinely conduct business in the Commonwealth of Massachusetts.

8. Venue is appropriate in this Court under 28 U.S.C.§1400(a).

## Count I

## Infringement of "Summer" Design

9. In 1998, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist. Asmara gave the name "Summer" to this new carpet design, and caused copies of it to be manufactured for sale. The first "Summer" carpet was offered for sale on or about April 10, 1998. The freelance artist has assigned all rights in the design to Asmara.

10. Asmara caused copyright in the "Summer" design to be registered in the United States Copyright Office on or about November 28, 2001. A copy of its Certificate of Registration, No. VA 1-110-596, is attached hereto as Exhibit A.

11. Defendant Stark Carpet has been importing and selling knockoff copies of Asmara's "Summer" carpet. It has been doing so without authorization from Asmara.

12. Asmara first learned of Stark Carpet's unauthorized carpet in 2001 and subsequently sent a demand letter to Stark on December 7, 2001. A copy of the letter with its enclosures is attached hereto as Exhibit B.

3

13. Defendants represented orally to Asmara that they would discontinue sale of this design, but Asmara has recently learned that defendants did not in fact cease their infringing activities.

14. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Summer" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

15. Defendant Stark Carpet is liable as a direct infringer of Asmara's copyright.

16. Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's sale of unauthorized copies of Asmara's design. At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity. They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

17. Defendants sell their knockoffs of the "Summer" design at a substantially lower price than Asmara asks for its genuine "Summer" carpets.

18. Based on the above information and its knowledge of the rug trade, Asmara believes that

a.    Defendants' unlawful sales of their infringing copies of the "Summer" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Summer" carpets, and

b.    Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

4

## Count II

## <u>Infringement of "Malmaison" Design</u>

19. In 1990, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist.  The design of this carpet, which Asmara sells under the name "Malmaison," is based on but substantially altered from the design of a plaster ceiling created by the famous British architect Robert Adam. The first "Malmaison" carpet was sold on or about November 4, 1991. A photographic depiction of a "Malmaison" carpet is attached hereto as <u>Exhibit C</u>.

20. Asmara has obtained from the designer an assignment of her rights in the "Malmaison" design, and has caused its copyright in the "Malmaison" design to be registered in the United States Copyright Office on or about July 18, 1997.  A copy of its Certificate of Registration, No. VA 857-543, as modified by VA 1-030-938, is attached hereto as <u>Exhibit D</u>.

21.  Defendant Stark Carpet has been importing and selling knockoff copies of Asmara's "Malmaison" carpet. It has been doing so without authorization from Asmara.

22.  Asmara first learned of Stark Carpet's unauthorized carpet in 1999 and based on a telephone conversation with an employee of Stark Carpet, sent a letter to Stark on June 1, 1999.  A copy of the letter is attached hereto as <u>Exhibit E</u>.  The infringing rug was thought to have been purchased from John Aga, another vendor, thus Asmara assumed Stark's possession inadvertent. Asmara subsequently brought an action against the infringing vendor. Stark Carpets claimed that it had no way of knowing the rug infringed Asmara's design.  See August 23, 1999 letter attached hereto as <u>Exhibit F</u>.

23. Despite Stark Carpet's knowledge of plaintiff's copyright in the "Malmaison" design after it received the June 1999 letter, it has continued importing and selling knockoff copies of Asmara's "Malmaison" carpet. See photo of knockoff copy from Stark Carpet attached as Exhibit G.

24. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Malmaison" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

25. Defendant Stark Carpet is liable as a direct infringer of Asmara's copyright.

26. Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's sale of unauthorized copies of Asmara's design. At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity. They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

27. Defendants sell their knockoffs of the "Malmaison" design at a substantially lower price than Asmara asks for its genuine "Malmaison" carpets.

28. Based on the above information and its knowledge of the rug trade, Asmara believes that

      a. Defendants' unlawful sales of their infringing copies of the "Malmaison" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Malmaison" carpets, and

b. Defendants' unlawful sales have garnered substantial profits to which

defendants are not entitled.


**Count III**

**Infringement of "Soleil" Design**

29. In 1994, plaintiff Asmara caused a new carpet design to be created by a

freelance designer, in close consultation with Asmara's President Abid Ilahi. The design,

seen from any side, depicts a seemingly random row of wildflowers. The design creates

the illusions that the edge of the carpet is at ground level and that the flowers are seen

against the sky, which is the neutral colored background of the carpet. A photographic

image of a carpet made on this design, which Asmara sells under the name "Soleil," is

attached hereto as Exhibit H.

30. The first "Soleil" carpet was sold on or about October 16, 1995.

31. Asmara obtained from the designer an assignment of her copyright in the

Soleil design, and subsequently caused copyright in the Soleil design to be registered in

the United States Copyright Office on or about May 24, 1999. A copy of its Certificate

of Registration, No. VA 981-826, is attached hereto as Exhibit I.

32. Defendant Stark Carpet has been importing and selling knockoff copies of

Asmara's "Soleil" carpet. It has been doing so without authorization from Asmara.

33. Asmara first learned of Stark Carpet's unauthorized carpet in February of

2002 when it appeared on page 189 of the February 2002 issue of "Architectural Digest"

with a caption reading "Stark rug." See Exhibit J.

7

34. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Soleil" design, willful in violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

35. Defendant Stark Carpet is liable as a direct infringer of Asmara's copyright.

36. Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's sale of unauthorized copies of Asmara's design. At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity. They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

37. Defendants sell their knockoffs of the "Soleil" design at a substantially lower price than Asmara asks for its genuine "Soleil" carpets.

38. Based on the above information and its knowledge of the rug trade, Asmara believes that

    a. Defendants' unlawful sales of their infringing copies of the "Soleil" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Soleil" carpets, and

    b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count IV

### Infringement of "Branches" Design

39. In 1999, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist. Asmara gave the name "Branches" to this new carpet design, and caused copies of it to be manufactured for sale. The first "Branches" carpet was sold on or about January 30, 2000. A photographic reproduction of the "Branches" design is attached hereto as Exhibit K.

40. The freelance artist assigned all rights in the design to Asmara and subsequently Asmara caused copyright in the Branches design to be registered in the United States Copyright Office on or about January 15, 2003. A copy of its Certificate of Registration, No. VA 1-172-183, is attached hereto as Exhibit L.

41. Defendant Stark Carpet has been importing and selling knockoff copies of Asmara's "Branches" carpet. It has been doing so without authorization from Asmara.

42. Asmara first learned of Stark Carpet's unauthorized carpet in December 2003 when it was seen inside the Stark Boston Design Center Showroom. See photos attached hereto as Exhibit M.

43. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Branches" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

44. Defendant Stark Carpet is liable as a direct infringer of Asmara's copyright.

45. Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's sale of

unauthorized copies of Asmara's design. At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity. They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

46. Defendants sell their knockoffs of the "Branches" design at a substantially lower price than Asmara asks for its genuine "Branches" carpets.

47. Based on the above information and its knowledge of the rug trade, Asmara believes that

   a. Defendants' unlawful sales of their infringing copies of the "Branches" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Branches" carpets, and

   b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

**Count V**

**Infringement of "2090C" Design**

48. In 1994, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist. Asmara initially gave the name "Trellis & Vines" to this new carpet design, but ultimately redesignated it as simply "Design #2090C." Asmara caused a limited number of copies of it to be manufactured for sale to a single client, and did not produce any more. These "2090C" carpets were sold on or about January 30, 1995. A photographic reproduction of the "2090C" design is attached hereto as Exhibit N.

10

49. The freelance artist assigned all rights in the design to Asmara and Asmara subsequently caused copyright in the 2090C design to be registered in the United States Copyright Office on or about January 15, 2003. A copy of its Certificate of Registration, No. VA 1-174-143, is attached hereto as Exhibit O.

50. Defendant Stark Carpet has been importing and selling knockoff copies of Asmara's "2090C" carpet that include its field design. It has been doing so without authorization from Asmara.

51. Asmara first learned of Stark Carpet's unauthorized carpet in 2003. According to plaintiff's information and belief, defendants also wholesale, or sell to other retailers, the "2090C" carpet through Concepts International.

52. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "2090C" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

53. Defendants Stark Carpet and Concepts International are liable as direct infringers of Asmara's copyright.

54. Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's and Concept International's sales of unauthorized copies of Asmara's design. At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity. They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

11

55.  Defendants sell their knockoffs of the "2090C" design at a substantially lower price than Asmara asks for its genuine "2090C" carpets.

56.  Based on the above information and its knowledge of the rug trade, Asmara believes that

    a.  Defendants' unlawful sales of their infringing copies of the "2090C" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "2090C" carpets, and

    b.  Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count VI

### Infringement of "1723BG" Design

57.  In 1994, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist.  Asmara designated it as simply "Design #1723BG" and caused a limited number of copies of it to be manufactured, but decided not to produce any more.  A photographic reproduction of the "1723BG" design is attached hereto as Exhibit P.

58.  The freelance artist assigned all rights in the design to Asmara and Asmara subsequently caused copyright in the 1723BG design to be registered in the United States Copyright Office on or about January 15, 2003.  A copy of its Certificate of Registration, No. VAu 569-871, is attached hereto as Exhibit Q.

59. Defendant Concepts International has been importing and selling knockoff copies of Asmara's "1723BG" carpet that include its border and field design. It has been doing so without authorization from Asmara.

60. Asmara first learned of Concept International's unauthorized carpet in 2003.

61. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "1723BG" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

62. Defendant Concepts International is liable as a direct infringer of Asmara's copyright.

63. Defendant John Stark is responsible, in whole or in part, for establishing the policies and procedures that have led to Concept International's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

64. Defendants sell their knockoffs of the "1723BG" design at a substantially lower price than Asmara asks for its genuine "1723BG" carpets.

65. Based on the above information and its knowledge of the rug trade, Asmara believes that

    a.  Defendants' unlawful sales of their infringing copies of the "1723BG" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "1723BG" carpets, and

b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count VII

## Infringement of "Margate" Design

66. In 1993, plaintiff Asmara caused a new carpet design to be created by a freelance designer, in close consultation with Asmara's President Abid Ilahi. Asmara gave the name "Margate" to this new carpet design, and caused copies of it to be manufactured for sale. The first "Margate " carpet was sold on or about December 13, 1994. A photographic reproduction of the "Margate" design is attached hereto as Exhibit R.

67. Asmara obtained from the designer an assignment of her copyright in the Margate design, and subsequently caused copyright in the Margate design to be registered in the United States Copyright Office on or about May 24, 1999. A copy of its Certificate of Registration, No. VA 981-824, is attached hereto as Exhibit S.

68. Asmara is informed and believes that defendant Stark Carpet has been importing and selling knockoff copies of Asmara's "Margate" carpet. It has been doing so without authorization from Asmara.

69. Asmara first learned of Stark Carpet's unauthorized carpet in December 2003.

70. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Margate" design, in willful

14

violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

71.  Defendant Stark Carpet is liable as a direct infringer of Asmara's copyright.

72.  Defendants John and Stephen Stark are responsible, in whole or in part, for establishing the policies and procedures that have led to Stark Carpet's sale of unauthorized copies of Asmara's design.  At all times relevant they have been in a position to control the infringement described in this Complaint, and have had a direct financial stake in the infringing activity.  They are therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

73.  Asmara is informed and believes that defendants sell their knockoffs of the "Margate" design at a substantially lower price than Asmara asks for its genuine "Margate" carpets.

74.  Based on the above information and its knowledge of the rug trade, Asmara believes that

> a.  Defendants' unlawful sales of their infringing copies of the "Margate" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Margate" carpets, and
>
> b.  Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

UPON THE BASIS OF THE FOREGOING, Asmara prays that this Honorable Court:

A.  Issue a preliminary order enjoining defendants, and all those acting in concert with them or who have obtained copies of defendants' infringing carpets for resale, from

all further manufacture, importation, advertising and distribution of such carpets, during the pendency of this litigation;

B.  Issue an order permanently enjoining defendants, and all those acting in concert with them or who have obtained copies of defendants' infringing carpets for resale, from all further manufacture, importation, advertising and distribution of such carpets;

C.  Award Asmara all of its direct and consequential damages arising from defendants' infringement and contributory infringement of copyright.

D.  Award Asmara an accounting of defendants' profits from infringement and of the profits of those to whose infringement defendants have contributed.

E.  Award Asmara its reasonable attorneys' fees, costs of suit and interest.

F.  Award Asmara such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

ASMARA, INC.

By its attorneys,

4 - 9 - 04
Date

William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO#657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

WSS/Asmara/Stark/Complaint