UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASMARA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STARK CARPET CORPORATION, <br> PRESTIGE MILLS, INC. d/b/a <br> CONCEPTS INTERNATIONAL, <br> STEPHEN STARK and JOHN S. STARK, <br><br> Defendants. | Civil Action no. 04-10729WGY <br><br> ANSWER TO COMPLAINT <br> WITH AFFIRMATIVE <br> DEFENSES |

Defendant, John S. Stark (hereinafter, "John S. Stark"), by his undersigned attorneys, hereby replies to the **Complaint** (hereinafter, "the Complaint"), upon knowledge as to himself and otherwise upon information and belief, as follows:

### Answer

### Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶1 of the Complaint.

2. With respect to ¶2 of the Complaint, admits that Defendant, Stark Carpet Corporation is a New York Corporation having its principal place of business at 979 Third Avenue, New York, New York 10022 and that it has a business location at 1 Design Center Place, Suite 100, Boston, MA 02210 but denies the allegations as stated therein.

3. With respect to ¶3 of the Complaint, admits that Defendant, Prestige Mills, Inc. d/b/a Concepts International is a New York Corporation, but denies the balance of the allegations as stated therein.

4. With respect to ¶4 of the Complaint, admits that John S. Stark is an officer of Stark Carpet Corporation and of Prestige Mills, Inc., but denies the balance of the allegations as stated therein.

5. With respect to ¶5 of the Complaint, admits that Stephen Stark is an officer of Stark Carpet Corporation but denies the balance of the allegations as stated therein.

## Jurisdiction and Venue

6. Denies the allegations contained in ¶6 of the Complaint, except admits that Plaintiff alleges jurisdiction under 28 U.S.C. §1338 (a).

7. Denies the allegations contained in ¶7 of the Complaint, except admits that Plaintiff alleges personal jurisdiction over Defendants.

8. Denies the allegations contained in ¶8 of the Complaint, except admits that Plaintiff alleges venue in this District to be proper under 28 U.S.C. §1400 (a).

## Count I

## Infringement of "Summer" Design

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶10 of the Complaint.

11. Denies the allegations contained in ¶11 of the Complaint.

12. Denies the allegations contained in ¶12 of the Complaint.

13. Denies the allegations contained in ¶13 of the Complaint.

14. Denies the allegations contained in ¶14 of the Complaint.

15. Denies the allegations contained in ¶15 of the Complaint.

16. Denies the allegations contained in ¶16 of the Complaint.

17. Denies the allegations contained in ¶17 of the Complaint.

18. Denies the allegations contained in ¶18 a and b inclusive of the Complaint.

## Count II

### Infringement of "Malmaison" Design

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶20 of the Complaint.

21. Denies the allegations contained in ¶21 of the Complaint.

22. Denies the allegations contained in ¶22 of the Complaint.

23. Denies the allegations contained in ¶23 of the Complaint.

24. Denies the allegations contained in ¶24 of the Complaint.

25. Denies the allegations contained in ¶25 of the Complaint.

26. Denies the allegations contained in ¶26 of the Complaint.

27. Denies the allegations contained in ¶27 of the Complaint.

28. Denies the allegations contained in ¶28 a and b inclusive, of the Complaint.

## Count III

### Infringement of "Soleil" Design

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶31 of the Complaint.

32. Denies the allegations contained in ¶32 of the Complaint.

33. Denies the allegations contained in ¶33 of the Complaint.

34. Denies the allegations contained in ¶34 of the Complaint.

35. Denies the allegations contained in ¶35 of the Complaint.

36. Denies the allegations contained in ¶36 of the Complaint.

37. Denies the allegations contained in ¶37 of the Complaint.

38. Denies the allegations contained in ¶38 a and b inclusive, of the Complaint.

## Count IV

## Infringement of "Branches" Design

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶40 of the Complaint.

41. Denies the allegations contained in ¶41 of the Complaint.

42. Denies the allegations contained in ¶42 of the Complaint.

43. Denies the allegations contained in ¶43 of the Complaint.

44. Denies the allegations contained in ¶44 of the Complaint.

45. Denies the allegations contained in ¶45 of the Complaint.

46. Denies the allegations contained in ¶46 of the Complaint.

47. Denies the allegations contained in ¶47 a and b inclusive, of the Complaint.

### Count V

### Infringment of "2090C" Design

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶49 of the Complaint.

50. Denies the allegations contained in ¶50 of the Complaint.

51. Denies the allegations contained in ¶51 of the Complaint.

52. Denies the allegations contained in ¶52 of the Complaint.

53. Denies the allegations contained in ¶53 of the Complaint.

54. Denies the allegations contained in ¶54 of the Complaint.

55. Denies the allegations contained in ¶55 of the Complaint.

56. Denies the allegations contained in ¶56 a and b inclusive, of the Complaint.

### Count VI

### Infringement of "1723BG" Design

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶58 of the Complaint.

59. Denies the allegations contained in ¶59 of the Complaint.

60. Denies the allegations contained in ¶60 of the Complaint.

61. Denies the allegations contained in ¶61 of the Complaint.

62. Denies the allegations contained in ¶62 of the Complaint.

63. Denies the allegations contained in ¶63 of the Complaint.

64. Denies the allegations contained in ¶64 of the Complaint.

65. Denies the allegations contained in ¶65 a and b inclusive, of the Complaint.

## Count VII

## Infringement of "Margate" Design

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶67 of the Complaint.

68. Denies the allegations contained in ¶68 of the Complaint.

69. Denies the allegations contained in ¶69 of the Complaint.

70. Denies the allegations contained in ¶70 of the Complaint.

71. Denies the allegations contained in ¶71 of the Complaint.

72. Denies the allegations contained in ¶72 of the Complaint.

73. Denies the allegations contained in ¶73 of the Complaint.

74. Denies the allegations contained in ¶74 a and b inclusive, of the Complaint.

## Affirmative Defenses

## First Affirmative Defense

75. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

76. Venue is improper in the District of Massachusetts. The action should be dismissed based upon the doctrine of *forum non conveniens*.

### Third Affirmative Defense

77. Plaintiff's claims herein are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

78. Plaintiff's claims herein are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

79. Plaintiff's claims herein are barred by the doctrine of waiver.

### Sixth Affirmative Defense

80. Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

81. Plaintiff's claims herein are barred by the doctrine of laches.

### Eighth Affirmative Defense

82. Plaintiff's claims herein are barred under the doctrine of copyright misuse as set forth in the Copyright Act.

### Ninth Affirmative Defense

83. There is no justiciable controversy between Plaintiff and this Defendant.

### Tenth Affirmative Defense

84. Plaintiff's claims herein are barred by Lack of Personal ("In Personam") Jurisdiction.

Wherefore, Defendant, John S. Stark, prays that the Court issue an order as follows:

1. Dismissing the Complaint as against this Defendant in its entirety; and

2. Awarding to Defendant, John S. Stark, the costs of this action, including reasonable attorneys' fees; and

3. Awarding to Defendant, John S. Stark, such other and further relief as may seem just and proper under the circumstances.

Dated: Atlantic Beach, New York
July 1, 2004

Bennett D. Krasner, Esq. (bk 8375)
Attorney for Defendants
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. 516-889-9353

Owen J. Meegan, Esq.
Local Counsel for Defendants
65 Dearborn Street
Salem, MA 01970
Tel. 978-745-0219

To:
Amy C. Mainelli, Esq.
Kotin, Crabtree & Strong LLP
One Bowdoin Square
Boston, MA 02114

## CERTIFICATE OF SERVICE

     I, Bennett D. Krasner, hereby certify that a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses, was mailed to Amy C. Mainelli, Esq., Kotin, Crabtree & Strong LLP, One Bowdoin Square, Boston, MA 02114, by Airborne Express this 1st day of July, 2004.

_____
Bennett D. Krasner, Esq.